UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH HAMPTON,

    Petitioner,

-vs-                                      Case No. 6:10-cv-1415-Orl-28KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 9) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 16).

### I.   *Procedural History*

Petitioner was charged by information with one count of aggravated battery (count one) and one count of false imprisonment (count two). Petitioner subsequently entered a plea of nolo contendere to the aggravated battery count, and, on May 12, 2000, the trial court adjudicated Petitioner guilty of aggravated battery and sentenced him to 14 months' imprisonment, followed by drug offender probation for a period of 24 months. The State

entered a *nolle prosequi* as to the remaining count. Petitioner did not file a direct appeal.

On April 2, 2002, the State filed an affidavit of violation of drug offender probation. As a result, on December 5, 2002, he was sentenced to imprisonment for a term of 29.1 months. On February 27, 2003, Petitioner filed a motion for clarification of sentence with the state trial court, which entered an order on March 14, 2003, granting the motion in that Petitioner was given credit for time served at the Volusia County Jail.[1]

On July 6, 2009, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) with the state trial court, which was denied on July 29, 2009. The state appellate court affirmed the denial *per curiam* on October 20, 2009. Mandate was issued on December 18, 2009.

On December 3, 2009, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied as untimely on December 14, 2009. The state appellate court affirmed the denial *per curiam* on March 2, 2010. Mandate was issued on April 22, 2010.

## II.   *Petitioner's Habeas Petition is Untimely*

### A.   *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for

---

[1] References to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A)  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.  *Discussion of Petitioner's Case***

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. See Fla. R. App. P. 9.110(b). Since the judgment of conviction was entered on May 12, 2000, the time for seeking a direct appeal expired on June 12, 2000.[2] Petitioner then had until June 12, 2001, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on September 20, 2010, under the mailbox rule.

---

[2] The time actually expired on June 11, 2000, which fell on a Sunday.

3

Although the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending, Petitioner's postconviction motions were filed after the one-year period had expired, and, therefore, did not toll the one-year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner vaguely argues that his failure to comply with the one-year period should be excused based on "newly discovered evidence." He appears to argue that the trial court's order of July 29, 2009, alerted him for the first time to the fact that he had entered into a "negotiated plea" and "waived a lawful sentence."

A habeas petitioner is entitled to equitable tolling of the AEDPA limitations period only if he shows that 1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct 2549, 2562 (2010). Here, the purported "newly discovered evidence" is neither new nor demonstrative of actual innocence. The factual basis supporting his claim that his plea was involuntary was known to him at time he entered into his plea. Consequently, this case is dismissed as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

4

1. The Petition for Writ of Habeas Corpus filed by Kenneth Hampton is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 3 day of June, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 6/2
Counsel of Record
Kenneth Hampton

---

[3] Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.